### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| **JOYCE ROSS SALAZAR,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL NO. 06-CV-2198** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |
| | : | |

### MEMORANDUM OPINION & ORDER

**RUFE, J.**                                                                                      **June 25, 2007**

This is a civil-rights action in which Plaintiff Joyce Ross Salazar seeks monetary damages from the City of Philadelphia under 42 U.S.C. § 1983.  Presently before the Court is Defendant's Motion for Summary Judgment on the only remaining claim: that Plaintiff's Fourteenth Amendment due-process rights were violated when Defendant demonstrated a deliberate indifference to her serious medical need.  Because municipal liability under § 1983 is appropriate only when the municipality has implemented an unconstitutional policy, custom, or practice, and because Plaintiff has adduced no evidence of any such policy, custom, or practice, Defendant's Motion will be granted.

### I.  FACTUAL BACKGROUND

Plaintiff's lone claim stems from her pre-trial detention by the Philadelphia Police in late 2004.  On or around November 30, 2004,[1] officers of the Philadelphia Police Department arrested Plaintiff at her home in Philadelphia, Pennsylvania, and transported her to the 25th District

---

[1] Plaintiff alleges in her Complaint that she was arrested on November 29, 2004, but stated during her deposition that she was arrested on a Sunday night, which would have been November 28.  Defendant claims in its Reply brief that Plaintiff was arrested on November 30, 2004, and provides the arrest report that reflects that date as the date of arrest.  For the purposes of the Court's analysis, however, this factual conflict is inconsequential.

Police Station ("the 25th District").  While being held at the 25th District, Plaintiff developed a vaginal infection that caused itching and discomfort.  She was not able to take a shower and was not provided with personal-hygiene products.  She claims that she could not report the medical condition or request medical assistance because no one would speak to her.

On December 1, 2004, she was transferred to the Police Detention Unit at 750 Race Street in Philadelphia.  She remained there for one day before being transported to Riverside Correctional Facility ("RCF").  Immediately after being transported to RCF, Plaintiff was permitted to shower, at which point her vaginal itching subsided, though it did not resolve entirely.  As a result of the persistent itching and an allergic reaction to a tuberculosis test, Plaintiff requested to see a doctor.  Her request was timely granted, and a doctor examined her soon thereafter.  After diagnosing a bacterial infection as the cause of her vaginal itching, the doctor prescribed antibiotics.  She was treated with the antibiotics during the remainder of her stay at RCF, and the infection was eventually eradicated.

One-and-a-half years later, Plaintiff filed the instant action in this Court asserting a plethora of claims against the City of Philadelphia and Philadelphia Police Officer Saundra Haines. After a period of discovery, Defendants sought summary judgment on all counts by filing a motion in accordance with the Court's policies and procedures.  Plaintiff's counsel initially failed to respond to the Motion, prompting the Court to issue an Order directing Plaintiff to file a response.[2]  The day before the ordered response was due, Plaintiff's counsel informed the Court that he needed more time to respond, and the Court granted a further extension.[3]

---

[2] See Order dated May 18, 2007 [Doc. #13].

[3] See Order dated May 23, 2007 [Doc. # 14].

In her Response, Plaintiff voluntarily dismissed all claims other than her 42 U.S.C. § 1983 claim against the City of Philadelphia based on its alleged deliberate indifference to her serious medical needs while she was confined at the 25th District.[4]  In support of this claim, Plaintiff referenced and attached her Amended Complaint and excerpts from her deposition testimony, and included approximately one-and-a-half pages of legal precedent, with no actual argument.  Defendant subsequently filed a Reply brief.  Plaintiff did not file a Sur-reply brief.[5]

## II.  STANDARD FOR SUMMARY JUDGMENT

Disposition upon motion for summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6]  Summary judgment should be entered against a party who, after adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7] To survive a summary-judgment motion, the nonmoving party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[8] In the

---

[4]  See Pl.'s Resp. [Doc. # 15], at 2.

[5]  Plaintiff had the opportunity to file a Sur-reply brief in response to Defendant's Reply brief, but failed to do so. Plaintiff cannot claim that she was not provided an adequate opportunity to support her claims, even if she insists that she did not have adequate time to file a Response to the Motion.  She had almost two weeks to respond to Defendant's Reply, and instead chose to remain idle.

[6]  Fed. R. Civ. P. 56(c).

[7]  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[8]  Id. at 324 (quoting Fed. R. Civ. P. 56(e)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

event that the nonmoving party fails to offer proof in support of an essential element of its case, all other facts are necessarily rendered immaterial, and the moving party is entitled to judgment as a matter of law.[9]

## III.  DISCUSSION

When a § 1983 claim is asserted against a municipality, courts must consider two separate issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) whether the municipality is responsible, and therefore liable, for the violation.[10]  The United States Supreme Court has instructed courts to consider the second prong of this inquiry first, suggesting that a district court must initially determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."[11]  Where there is no such casual link, a claim against the municipality cannot survive even if the plaintiff's constitutional rights were violated.  In such a case, the court is not required to consider whether there was, in fact, a constitutional violation.

Generally, to establish a municipality's liability for an alleged constitutional violation, a plaintiff must establish that the violation resulted from the execution of a municipal custom or policy, "made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."[12]  Liability cannot be founded upon a theory of *respondeat superior*—that is, a municipality cannot be held liable under § 1983 simply because its employees or agents inflict a

---

[9]  Celotex, 477 U.S. at 322–23.

[10]  Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).

[11]  City of Canton v. Harris, 489 U.S. 378, 385 (1989).

[12]  Monell v. N.Y. City Dept. of Social Servs., 436 U.S. 658, 694 (1978).

constitutional injury;[13] the municipality itself must be the wrongdoer.[14]

       In this case, Plaintiff has presented no evidence that the City of Philadelphia has established a custom or policy that caused the alleged constitutional injury.  In fact, Plaintiff has failed even to identify a single policy or custom that *could* have caused any constitutional violation.  In her Response to the Motion for Summary Judgment, Plaintiff does no more than baldly assert that the City is liable because its "employees or agents executed a governmental policy that directly resulted in the deprivation of plaintiff's civil rights."[15]  But Plaintiff fails to identify that policy, provide evidentiary support to prove the existence of the policy, or explain or support how the policy "directly resulted" in the alleged constitutional harm.  These are essential elements of Plaintiff's case, and she has presented nothing to the Court that indicates an ability to prove these elements at trial.  Therefore, all other facts are rendered immaterial.

       Plaintiff has not seized her opportunity to identify and offer evidence demonstrating the existence of a custom or policy that caused her alleged injury.  Plaintiff could have presented evidence to the Court suggesting that City policymakers—including lawmakers and policymakers within the Philadelphia Police Department—have established a custom or policy prohibiting pretrial detainees from showering, cleansing, or receiving personal-hygiene products, or to prohibit those detainees from receiving medical care when a serious medical condition develops.  Plaintiff, however, has chosen not to present any such evidence, or to even argue that such a policy existed and caused her injury.  Defendant, on the other hand, has supplied the Court with documentary

---

[13] Id. at 691.

[14] Collins, 503 U.S. at 122.

[15] Pl.'s Resp. [Doc. # 15], at 4.  The pages in Plaintiff's Response are unnumbered.  The Court, however, counts from the first page of Plaintiff's Memorandum of Law to assign page numbers.

evidence outlining the Philadelphia Police Department's established policies for evaluating the medical conditions of detainees[16] and providing detainees with medication and medical care.[17]  It is clear that the implementation of these more-than-reasonable policies could not and did not cause the alleged constitutional injury.  Since Plaintiff has failed to even offer the possibility that the implementation of an alternative custom or policy—perhaps, an unofficial custom so ingrained in the system that it constitutes "custom or policy"—caused the alleged violation, it would be imprudent to allow this case to proceed to trial.  There are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law.

## IV.  CONCLUSION

The Court does not take lightly allegations that a plaintiff's constitutional rights have been violated.  But, when faced with a well-supported summary-judgment motion, the Court cannot permit a plaintiff asserting such violations to proceed to trial if she has failed "to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial."[18]  In this case, Plaintiff has failed to make such a showing.  Therefore, summary judgment is appropriate, and the Court will grant Defendant's Motion.

An appropriate Order follows.

---

[16]  See Def.'s Reply [Doc. # 17, Ex. G], Directive 82-4.

[17]  See id., Directive 82-5.

[18]  Celotex, 477 U.S. at 322.

-6-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

————————————————————————  :
                                                              :
**JOYCE ROSS SALAZAR,**                          :
            **Plaintiff,**                                  :
            **v.**                                             :          **CIVIL NO. 06-CV-2198**
                                                              :
**CITY OF PHILADELPHIA,**                       :
            **Defendant.**                              :
————————————————————————:

## ORDER

        **AND NOW**, this 25th day of June 2007, upon consideration of Defendant's Motion for Summary Judgment [Doc. # 11], Plaintiff's Response thereto [Doc. # 15], and Defendant's Reply [Doc. # 17], it is hereby **ORDERED** that Defendant's Motion is **GRANTED**, and Plaintiff's only remaining claim is **DISMISSED**.

        It is **FURTHER ORDERED** that Judgment is hereby **ENTERED** for Defendant, the City of Philadelphia.

        It is **FURTHER ORDERED** that the Final Pretrial Conference scheduled for Friday, July 6, 2007, and the trial scheduled in the July 10, 2007 Trial Pool are hereby **CANCELLED**.

        It is **FURTHER ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

        It is so **ORDERED**.

                                  **BY THE COURT**:

                                  **/s/ Cynthia M. Rufe**
                                  **CYNTHIA M. RUFE**